IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY JAMES EDDINS, #237521, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-983-TMH |
| ) | [WO] |
| J. C. GILES, et al., ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Gregory James Eddins ["Eddins"], a state inmate, on October 20, 2009.[1] In this petition, Eddins challenges the constitutionality of his incarceration on a sentenced imposed for murder by the Circuit Court of Madison County, Alabama. Specifically, Eddins alleges his present incarceration in the Alabama prison system is illegal because his transfer to South Louisiana Correctional Center in Basile, Louisiana on September 1, 2006 constituted a pardon since he had "no charges in Louisiana and he did not sign a waiver in order to be transferred to Louisiana therefor transfer to Louisiana was illegal and equivalent to a pardon." *Petition for Writ of Habeas Corpus - Court Doc. No.*

---

[1] Although the Clerk of this court stamped the petition "received" on October 22, 2009, Eddins certified the petition on October 20, 2009. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 7. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day Eddins signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers October 20, 2009 as the date of filing.

*1* at 5.  Eddins further contends that his subsequent return to the Alabama prison system violated double jeopardy on the murder conviction as he had previously been pardoned for this offense.²

## DISCUSSION

"[A]n application for a writ of habeas corpus ... made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts ... may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."  28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a)  ("[I]n the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.").

Eddins is presently incarcerated at the Ventress Correctional Facility in Clayton, Alabama.  This facility is located within the jurisdiction of this court.  Eddins, however, attacks the constitutionality of his incarceration on a sentence imposed by the Circuit Court

---

²Eddins also references the conditions of confinement to which he was subjected during his incarceration in the South Louisiana Correctional Facility as a basis for release from his sentence. *Petition for Writ of Habeas Corpus - Court Doc. No. 1* at 5.  However, such claims are not properly before the court in a 28 U.S.C. § 2254 petition for habeas corpus relief as these claims do not challenge the constitutionality of Eddins' conviction or sentence.  28 U.S.C. § 2254(a) (A state inmate may seek relief under this statute "only on the ground that he is in custody in violation of the Constitution or laws ... of the United States.").  Thus, the claims presented by Eddins regarding the conditions of his confinement provide no basis for relief in this federal habeas action.

of Madison County, Alabama and requests his release from such sentence. In addition, Eddins advises that he previously sought post-conviction relief in the Circuit Court of Madison County, Alabama on the same claims raised in the instant federal habeas petition. Madison County is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, concurrent jurisdiction exists between this court and the United States District Court for the Northern District of Alabama.

Based on the claims presented by Eddins and in light of the post-conviction proceedings before the Circuit Court of Madison County, Alabama, the court concludes that transfer of this case to the United States District Court for the Northern District of Alabama for review and disposition is appropriate.[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that on or before November 11, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

---

[3] In transferring this case, the court makes no determination regarding the merits of the petitioner's claims for relief challenging the constitutionality of his present incarceration on a sentence imposed by the Circuit Court of Madison County, Alabama.

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 29th day of October, 2009.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE